# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| WILLIAM SMITH, | * | |
| | * | No. 15-1194V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 28, 2019 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * ** *

<u>Diana L. Stadelnikas</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner;
<u>Claudia B. Gangi</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 25, 2019, petitioner William Smith moved for final attorneys' fees and costs. He is awarded **$47,204.60**.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

* * *

On October 14, 2015, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza ("flu") vaccine Mr. Smith received on March 15, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer Guillain-Barré syndrome. Based upon an evaluation of the medical records, expert reports, and statements from treating physicians, the undersigned ruled that preponderant evidence supported the conclusion that Mr. Smith did not suffer from GBS following his vaccination. Ruling, issued Oct. 31, 2018, ECF No. 59. Thereafter, petitioner moved for a decision dismissing his petitioner which the undersigned granted, dismissing the petition on February 28, 2019. Decision, ECF No. 70.

On March 25, 2019, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $35,303.10 and attorneys' costs of $12,271.30 for a total request of $47,574.40. Fees App. at 1-2. On April 2, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on April 3, 2019, reiterating his belief that the requested amount of fees and costs is reasonable. Reply at 4-5.

* * *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, the undersigned has no reason to doubt the good faith of the claim, and although the claim was ultimately unsuccessful, petitioner's complex medical history and inconsistent references to GBS in his medical records give his claim a reasonable basis. Respondent also has not challenged the reasonable basis of the claim. A final award of attorneys' fees and costs is therefore proper in this case.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

2

process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his counsel, Ms. Stadelnikas: $300.00 per hour for work performed in 2014 and 2015, $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, and $415.00 per hour for work performed in 2019. Fees App. ex. 1 at 19. Petitioner also requests paralegal compensation at $105.00 - $154.00 per hour depending on the paralegal and the year the work was performed in. Id. These rates are consistent with what the undersigned and other special masters have previously awarded for Ms. Stadelnikas' work. See Sturdivant v. Sec'y of Health & Human Servs., No. 16-1672V, 2019 WL 410600, at *2 (Fed. Cl. Spec. Mstr. Jan. 8, 2019). Accordingly, the rates sought herein are reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the billing records and finds the number of hours billed (125.0) to be largely reasonable, with only minor reductions to paralegal time necessary. The main issue is that paralegals billed for review of filed documents which were also reviewed (and billed) by petitioner's counsel, Ms. Stadelnikas. This leads to instances where even routine scheduling orders are having twelve minutes billed for their review, which is excessive in the undersigned's experience. Fees App. Ex. 1 at 9 (entries on 1/26/17 and 1/27/19). A small amount of time was also billed on administrative tasks, such as preparing copies and creating CD's of records, or on unnecessary tasks, such as reviewing the filed copy of the petition or "Review additional Notice of Appearance and update file notes" after billing for reviewing the Notice of Appearance three days prior. Fees App. Ex. 1 at 5. Accordingly, the undersigned shall reduce the final award of fees by **$369.80** to account for these entries. Petitioner is thus entitled to attorneys' fees of **$34,933.30**.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $12,271.30 in costs, comprising of acquiring medical records, postage, and the expert work of Dr. Thomas Morgan in reviewing medical records and preparing an expert report. In this case, Dr. Morgan performed 24 hours of work and billed at $400.00 per hour. Dr. Morgan's rate has previously been found reasonable by other special masters and the undersigned also finds it to be reasonable. See Shinskey v. Sec'y of Health & Human Servs., No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019); DiFazio v. Sec'y of Health & Human Servs., No. 09-530V, 2017 WL 2417322, at *5 (Fed. Cl. Spec. Mstr. May 10, 2017). The hours billed are also reasonable in light of the amount of work performed by Dr. Morgan. Accordingly, the costs associated with his work shall be fully reimbursed.

The remainder of the costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation to support them. Respondent has

4

not identified any of the costs as objectionable, and the undersigned finds them to be reasonable. Accordingly, petitioner is entitled to a final award of costs in the amount of **$12,271.30**.

    E.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$47,204.60** (representing $34,933.30 in attorneys' fees and $12,271.30 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Maglio Christopher & Toale, PA.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

    **IT IS SO ORDERED**.

    s/Christian J. Moran
    Christian J. Moran
    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.